#### UNITED STATES DISTRICT COURT
#### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANE WITT,                             ) | |
|                Plaintiff,   ) | |
|                             ) | |
| v.                                       ) | **CIVIL ACTION** |
|                             ) | **NO. 14-40161-TSH** |
| AMERICAN AIRLINES, INC.     ) | |
|                             ) | |
|               Defendant.   ) | |
|                             ) | |

#### ORDER

**November 18, 2015**

Hennessy, M.J.

      The plaintiff Diane Witt ("plaintiff") has sought an order compelling the defendant American Airlines, Inc. ("defendant") to produce for depositions four flight attendants who were working on the flight during which the plaintiff allegedly suffered the injuries giving rise to this lawsuit. See generally Docket #17. Defendant has represented that it has been attempting to schedule the flight attendants' depositions; however, due to the nature of the flight attendants' schedules, arranging all four depositions on one day—as both parties have agreed—has proven challenging. See generally Docket #19. By order dated November 16, 2015, the Honorable Timothy S. Hillman referred plaintiff's motion to this court (Docket #18).

      There appears to be little actual dispute between the parties. Plaintiff seeks an order compelling defendant "to produce the deponents forthwith or permit the plaintiff to take the depositions after the December 1, 2015, the fact discovery deadline." Defendant, meanwhile, states that it "continues to attempt to schedule these depositions, and simply requests a reasonable amount of time to do so." Because defendant has agreed to produce these witnesses, I deny without

prejudice the portion of plaintiff's motion seeking to compel the depositions. In view, however, of the obvious (and understandable) logistical challenges surrounding the scheduling of the examinations, I grant that portion of plaintiff's order seeking permission to take the depositions after the fact discovery deadline. Counsel for both parties are directed to continue to make their best efforts toward scheduling and completing the depositions as soon as practicable.

        /s/ David H. Hennessy
        David H. Hennessy
        UNITED STATES MAGISTRATE JUDGE