UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DIANE WITT, | ) | |
| Plaintiff, | ) | |
|  | ) | Civil Action No. 14-40161-TSH |
| v. | ) | |
|  | ) | |
| AMERICAN AIRLINES, INC., | ) | |
| Defendant. | ) | |

**HILLMAN, D.J.**

## MEMORANDUM OF DECISION AND ORDER
September 19, 2018

### Introduction

The Plaintiff, Diane Witt ("Witt"), has brought this action against American Airlines, Inc., ("American") seeking monetary damages for injuries she alleges that she sustained due to exposure to cold air while seated near the exit door of an aircraft. The complaint in this matter was filed in this court on November 4, 2014. From the institution of the lawsuit in 2014, until May of 2017, the Plaintiff was represented by Attorney Joseph Musacchio. On May 26, 2017, I allowed Attorney Musacchio to withdraw from his representation of Witt, due to "fundamental and irreconcilable differences . . . concerning the recommended course of action." Witt was given three months to find new counsel. In September 2017, at a status conference, Witt informed the court that she had not retained new counsel. I set a deadline of November 16, 2017, for the filing of dispositive

motions and a date of December 14, 2017, for a hearing on any dispositive motions filed. American filed a timely motion for summary judgment. On December 1, 2017, new local counsel, David Murphy, filed an appearance for Witt and Alexandra M. Wisner filed a motion to Appear Pro Hac Vice (Docket No. 74).[1] New counsel requested a six month extension in order to familiarize herself with the file and respond to American's motion for summary judgment. I granted Plaintiff's new counsel an extension to February 9, 2018, to respond to American's motion for summary judgment.

After holding a hearing on the motion for summary judgment, I allowed the negligence case to proceed. I also set an expert discovery deadline, as well as a trial date. Witt identified Dr. Kawashari as her expert on the issue of causation. After taking Dr. Kawashari's deposition, American filed a motion to strike his testimony and for an entry of judgment. That motion was based on deposition testimony by Dr. Kawashari that he could not provide an opinion that Witt suffered any injury as a result of her asserted exposure to cold air during the flight in question. Dr. Kawashari further indicated that he did not intend to testify at trial and could not provide any causation opinion to a reasonable degree of medical certainty.

American's motion to strike Dr. Kawashari's testimony stimulated settlement discussions. Those discussions were memorialized in an email from counsel for American to Plaintiff's counsel on June 13, 2018;

> I am running out to a meeting but wanted to get back to you. I have been informed $15,000 is firm (together with acceptable release) and that the settlement must happen promptly before more costs are incurred. This really needs to get done this week and certainly before any further hearing for the experts have to spend any more time preparing for deposition.

---

[1] Attorney Wisner's motion to appear pro hac vice was allowed and she filed her appearance on December 20, 2017. Attorney Murphy filed a withdrawal of appearance om June 26, 2018.

Witt's counsel responded on June 14, 2018:"Thanks for getting back to me. Ms. Witt accepts the settlement offer of $15,000. Please send the proposed release when you can."

On July 10, 2018, Witt's counsel, Attorney Wisner, informed American that Witt didn't want to go through with the settlement and she would be seeking to withdraw. Attorney Wisner then filed a motion to withdraw with the Court. *See Mot. Of Counsel For The Pl. Diane Witt Seeking Leave To Withdraw As Her Attorney* (Docket No. 123)("Motion to Withdraw"). After a hearing on the Motion to Withdraw, at which counsel for Witt, and Witt both testified, I granted the motion. Thereafter, American filed *Def. American Airlines, Inc.'s Mot. To Enforce Settlement Agreement And For Award Of Costs and Atty's Fees* (Docket No. 124)("Motion to Enforce Settlement"). On August 1, 2018, Witt filed a *Motion invoking [her] constitutional right to legal counsel and a freeze of the case until legal counsel is obtained* (Docket No. 132). In her motion, Witt stated that she did not receive a copy of American's Motion to Enforce Settlement until earlier that week.

On August 3, 2018, a hearing was held on the Motion to Enforce Settlement. Witt appeared at the hearing and argued against granting the motion. She requested, and was granted, additional time to file a written opposition. On August 22, 2018, Witt filed her response. For the reasons set forth below, American's Motion to Enforce Settlement Agreement is *granted*. Accordingly, Witt's motion seeking the right to obtain new counsel will be *denied*, as moot.

## Discussion

I find that a binding settlement agreement was reached in the amount of $15,000. All parties were represented by counsel who had actual, and apparent authority to act on their behalf. *Hubbard v. Peairs* 24 Mass. App. Ct. 372, 377, (1989). "Policy favors the enforcement of settlement agreements so as to hold people to the contracts they make and to avoid costly and

3

time consuming litigation." *Hansen v. Rhode Islands Only 24 Hour Truck and Auto Plaza, Inc.* 962 F. 2d 311, 315 (D.Mass. 2013. "An enforceable settlement agreement arises in Massachusetts when all of the parties to be bound mutually assent to all material terms even if those terms are not memorialized in a final writing." *Bistany v. PNC Bank, N.A.,* 585 F Supp.2d 179, 182 (D.Mass. 2018). I find that in this case, the settlement terms were clearly defined and the parties evidenced willingness to be bound by them.

American also seeks fees and costs alleging that Witt has acted in bad faith. American points to the fact that Witt has had two sets of attorneys withdraw from this case, both citing irreconcilable differences. Moreover, the matter was unnecessarily protracted and delayed by the Plaintiff putting forth an expert who had no supportive opinion. I agree with American that Witt repeatedly delayed the proceedings resulting in significant costs to the Court, the Defendant and her own counsel. Although it is a close call, I do not find that her conduct warrants an assessment of costs and attorneys' fees and therefore, am denying American's request for the same.

## Conclusion

*Def. American Airlines, Inc.'s Mot. To Enforce Settlement Agreement And For Award Of Costs and Atty's Fees* (Docket No. 124) is **_granted_** in part and **_denied_** in part.

In accordance with the foregoing discussion, I grant so much of American's motion that seeks an order enforcing the settlement agreement and order American to proffer an appropriate release to Witt on or before September 25, 2018. Witt shall have until October 12, 2018, to execute that release and return it to counsel for American. If the release is not received by American's counsel by the close of business on October 12, 2018, it will be deemed executed on that date. On or after October 22, 2018, but no later than October 29, 2018, American shall

forward a check in the amount of $15,000 to Ms. Witt at the mailing address on record.[2] This case is dismissed.

**/s/ Timothy S. Hillman**
TIMOTHY S. HILLMAN
DISTRICT JUDGE

---

[2] I am setting this date in the event that Witt elects to appeal this Order— should that occur, the parties will remain in their present positions pending disposition of the appeal. If Witt signs a release and returns it to American prior to October 22, 2018, then American, at its discretion, may forward payment to Witt at an earlier date. Additionally, the parties' may agree to have the payment made electronically directly to Witt's bank account, or by some other mutually agreeable method.