UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **DIANE WITT,** | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 14-40161-TSH |
| v. | ) | |
| | ) | |
| | ) | |
| **AMERICAN AIRLINES, INC.,** | ) | |
| Defendant. | ) | |
| | ) | |

**HILLMAN, D.J.**

**ORDER**
**October 25, 2018**

**Introduction**

The Plaintiff, Diane Witt ("Witt"), brought an action against American Airlines, Inc., ("American") seeking monetary damages for injuries she alleged that she sustained due to exposure to cold air while seated near the exit door of an aircraft. On September 19, 2018, I issued a Memorandum of Decision and Order (Docket No. 135)("Order Enforcing Settlement") on American's motion to enforce a settlement reached by the parties and for award of costs. I granted so much of American's motion seeking to enforce the $15,000 settlement. I ordered that American consummate the settlement as follows:

1. American was to proffer an appropriate release to Witt on or before September 25, 2018 and Witt had until October 12, 2018, to execute that release and return it to

counsel for American.  If the release was not received by American's counsel by the close of business on October 12, 2018, it would be deemed executed on that date.

2. On or after October 22, 2018, but no later than October 29, 2018, American was forward a check in the amount of $15,000 to Ms. Witt at the mailing address on record.

On September 28, 2018, American filed a motion to modify the Court's Order Enforcing Settlement because Witt's former counsel, Alexandra M. Wisner, had issued a notice of attorney's lien pursuant to Mass.Gen.L. ch. 221, §50 in the amount of $7,724,20. *See Def. American Airlines, Inc.'s Mot. For Instruction/Amendment As To Court Order And Settlement Proceeds* (Docket No. 137).  American seeks to have the Court modify its prior order to provide that it be permitted to pay $7,724.20 to Attorney Wisner, and the remainder ($7,725.80) to Witt. On October 9, 2018, Attorney Wisner filed a motion to enforce her attorney's lien. *See Attorney Alexandra M. Wisner's Mot. To Adjudicate Attorneys' Lien* (Docket No. 139). On October 11, 2018, I issued an order staying American's obligation to make any payment to Witt pending my rulings on its pending motion.[1]  Witt has filed an opposition to both motions.

## Discussion

Attorney Wisner represented Witt pursuant to a contingent fee arrangement whereby she would receive a third of the settlement ($5,000) and be reimbursed for expenses.  Attorney Wisner incurred $2,724.20 in expenses in this case, including reimbursement of local counsel, and travel expenses. This was a complex case which required the opinion of legal expert(s) and involved nuanced legal issues. I find that Attorney Wisner's fees are within the range of normal,

---

[1] In its motion, American notes that it sent a release to Witt on September 19, 2018.  As of September 28, 2018, Witt had not returned a signed release to American. Witt had until October 12, 2018, to return the signed release to American. It is not clear whether she did so, however, under the terms of the Court's Order Enforcing Settlement, she is deemed to have signed it if she failed to return it in a timely manner.

customary amount for specialized, complex cases of this nature. Moreover, I find that the costs incurred by Attorney Wisner are fair and reasonable. Therefore, Attorney Wisner's motion to enforce her attorney's lien is granted. Accordingly, American's motion to modify the Court's Order Enforcing Settlement is granted and its obligations thereunder are modified as follows:

On or after November 27, 2018, but no later than December 4, 2018, American shall forward a check in the amount of $7,725.80 to Ms. Witt and $7,724.20 to Attorney Wisner at their mailing addresses on record.[2]

## Conclusion

1. Defendant American Airlines, Inc.'s Motion For Instruction/Amendment As To Court Order And Settlement Proceeds (Docket No. 137) is ***granted*** as provided herein.

2. Attorney Alexandra M. Wisner's Motion To Adjudicate Attorneys' Lien (Docket No. 139) is ***granted***.

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
DISTRICT JUDGE

---

[2] I am setting these dates for two reasons. First, although Witt did not appeal the Order Enforcing Settlement, she may have the right to appeal this order granting Attorney Wisner's fee request. Additionally, American has raised the issue of whether there is a Medicare lien on the proceeds of the settlement. If during the period before payment is due American determines such a lien exists, it can determine the appropriate action it wishes to take regarding any such lien.